## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MARK MYERS, | : | Case No. **1:17-cv-311** |
| Plaintiff, | : | Judge Michael R. Barrett |
| vs. | : | <u>ANSWER OF DEFENDANT JIM NEIL</u> |
| JASON MIZE, et al., | : | |
| Defendants | : | |
| | : | |

Now comes the Defendant Jim Neil, individually and in his official capacity as the Hamilton County Sheriff, by and through counsel, and hereby answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Sheriff Neil admits that Plaintiff was in custody at the Hamilton County Justice Center and an incident occurred but deny for want of knowledge the remaining allegations contained in paragraph 1 of the Complaint.

2. Sheriff Neil admits that Defendant Mize had been formally disciplined in the past, but denies the remaining allegations in paragraph 2 of the complaint.

3. Paragraph 3 of the Complaint requires no response from Sheriff Neil.

4. Sheriff Neil admits the allegations in paragraph 4 of the Complaint.

5. Sheriff Neil admits the allegations in paragraph 5 of the Complaint.

6. Sheriff Neil admits the allegations in paragraph 6 of the Complaint.

7. Sheriff Neil is without knowledge to answer the allegations in paragraph 7 of the complaint.

...


8. Sheriff Neil admits that Defendant Mize was employed as a corrections officer but denies the remaining allegations in paragraph 8 of the Complaint specifically that Defendant Mize no longer has an "official capacity".

9. Sheriff Neil admits the allegations in paragraph 9 of the Complaint.

10. Sheriff Neil denies the allegations in paragraph 10 of the Complaint.

11. Sheriff Neil admits that Plaintiff was processed through intake and denies for want of knowledge the remaining allegations in paragraph 11 of the Complaint.

12. Sheriff Neil admits that a medical assessment is Justice Center protocol and denies for want of knowledge the remaining allegations in paragraph 12 of the Complaint

13. Sheriff Neil admits that Defendant Mize was working in the intake are of the Justice Center on the morning in question and denies for want of knowledge the remaining allegations in paragraph 13 of the Complaint.

14. Sheriff Neil denies for want of knowledge the allegations in paragraph 14 of the Complaint.

15. Sheriff Neil denies for want of knowledge the allegations in paragraph 15 of the Complaint.

16. Sheriff Neil denies for want of knowledge the allegations in Paragraph 16 of the Complaint.

17. Sheriff Neil admits the allegations in Paragraph 17 of the Complaint.

18. Sheriff Neil admits to events depicted in the videos but denies the remaining allegations in Paragraph 18 of the Complaint.

19. Sheriff Neil admits to events depicted in the videos but denies the remaining allegations in Paragraph 19 of the Complaint to the extent that Sheriff Neil has no knowledge as to the manner Defendant Mize acted in.

20. Sheriff Neil admits the allegations in paragraph 20 of the Complaint.

21. Sheriff Neil admits to the conclusions of the Internal Affairs investigation contained in the allegations in paragraph 21 of the Complaint.

22. Sheriff Neil admits that Defendant Mize resigned.

23. Sheriff Neil denies the allegations in paragraph 23 of the Complaint.

24. Sheriff Neil denies the allegations in paragraph 24 of the Complaint.

25. Sheriff Neil denies the allegations in paragraph 25 of the Complaint.

26. Sheriff Neil denies Plaintiff's alleged injuries are a result of Sheriff Neil's actions and denies for want of knowledge the extent of Plaintiff's injuries as contained in the allegations in paragraph 26 of the Complaint.

27. Sheriff Neil denies the allegations in paragraph 27 of the Complaint.

28. Sheriff Neil denies for want of knowledge the allegations in paragraph 28 of the Complaint.

29. Sheriff Neil denies for want of knowledge the allegations in paragraph 29 of the Complaint.

30. Sheriff Neil denies for want of knowledge the allegations in Paragraph 30 of the Complaint. .

**SECOND DEFENSE**

31. Sheriff Neil denies each and every allegation of the Complaint not previously expressly admitted to be true.

**THIRD DEFENSE**

32. The Complaint fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

33. Any actions taken by Sheriff Neil which may have affected Plaintiff, directly or indirectly, were in the execution of Sheriff Neil's duties as provided by law, and were undertaken in good faith, with probable cause and without malice.

**FIFTH DEFENSE**

34. Plaintiff's injuries, if any, are the direct and proximate result of actions or failures to act on his own part or on the part of parties other than Sheriff Neil and for whom Sheriff Neil is not responsible according to law.

**SIXTH DEFENSE**

35. Punitive damages may not be imposed on Hamilton County under state or federal law.

**SEVENTH DEFENSE**

36. Sheriff Neil hereby asserts all applicable immunities and defenses available under Ohio Revised Code Chapter 2744.

**EIGHTH DEFENSE**

37. Sheriff Neil is immune from liability at common law and under both state and federal law, as any action undertaken by Sheriff Neil which may have affected Plaintiff was undertaken in good faith, with probable cause and/or in the execution of duties as provided by law.

### NINTH DEFENSE

38. Plaintiff has failed to exhaust administrative agency remedies.

### TENTH DEFENSE

39. This Court lacks jurisdiction over the subject of the Complaint.

### ELEVENTH DEFENSE

40. Plaintiff's claims are barred by the applicable statute(s) of limitations.

### TWELFTH DEFENSE

41. Plaintiff assumed the risk of all his alleged injuries and damages.

### THIRTEENTH DEFENSE

42. This Court lacks jurisdiction over the "person" of Sheriff Neil.

### FOURTEENTH DEFENSE

43. Sheriff Neil is protected by absolute or qualified immunity.

### FIFTEENTH DEFENSE

44. Sheriff Neil hereby provides notice that they intends to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims and/or third party claims, which become available or apparent during the course of discovery or trial, and he hereby reserves the right to amend his Answer to assert any and all such defenses, immunities, avoidances, counterclaims, cross-claims, and/or third party claims.

WHEREFORE, having fully answered, Sheriff Neil demands that Plaintiff's Complaint be dismissed, with prejudice and at Plaintiff's cost, and that the Court grant Sheriff Neil such further relief as it deems just and proper under the circumstances of the cause.

Respectfully submitted,

JOSEPH T. DETERS

                                                         PROSECUTING ATTORNEY
                                                         HAMILTON COUNTY, OHIO

                                                         /s/ *Cooper D. Bowen*
                                                         Jerome A. Kunkel, 0035962
                                                         Cooper D. Bowen, 0093054
                                                         Assistant Prosecuting Attorneys
                                                         Hamilton County, Ohio
                                                         230 E. Ninth Street, Suite 4000
                                                         Cincinnati, OH 45202
                                                         Ph    (513) 946-3000
                                                         FAX:  (513) 946-3018
                                                         TRIAL ATTORNEYS FOR
                                                         DEFENDANTS

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Answer was filed electronically on the 14th day of July, 2017 with the Clerk of Court who will notify all parties of its filing.

                                                         /s/ *Cooper D. Bowen*
                                                         Assistant Prosecuting Attorney

516006