UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MYERS, | : | Case No.: 1:17-cv-00311 |
| Plaintiff, | : | |
| -vs- | : | JUDGE MICHAEL R. BARRETT |
| JASON MIZE, et al. | : | **ANSWER OF DEFENDANT JASON MIZE; CROSSCLAIM** |
| Defendants. | : | **AGAINST HAMILTON COUNTY; HAMILTON COUNTY SHERIFF'S** |
| | : | **OFFICE AND SHERIFF JIM NEIL** |

Defendant Jason Mize answers Plaintiff's complaint as follows:

## PRELIMINARY STATEMENT

1. Deny

2. Deny

3. To the extent that the allegations in Paragraph 3 require a response, Mize admits that Plaintiff alleges violations of his rights under the Fourth and Fourteenth Amendments.

## JURISDICTION

4. Admit

5. Admit.

6. Admit.

## PARTIES

7. Deny for want of knowledge.

8. Admit.

9. Admit.

## FACTS

10. Deny for want of knowledge.

11. Deny for want of knowledge.

12. Deny.

13. Admit that Defendant Mize was working the intake area of the Justice Center. Deny the remaining allegations in Paragraph 13 of the complaint.

14. Deny.

15. Admit that Defendant Mize was 30 years old and physically fit. Deny the remaining allegations in Paragraph 15 of the complaint.

16. Deny for want of knowledge.

17. Admit that Defendant Mize escorted Mr. Myers across the room to the holding cell intended for disruptive inmates. Deny the remaining allegations in Paragraph 17 of the complaint.

18. Deny.

19. Deny.

20. Deny.

21. Admit that the document speaks for itself.

22. Admit Defendant Mize resigned. Deny the remaining allegations in Paragraph 22 of the complaint.

23. Deny for want of knowledge.

24. Deny.

## FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

25. Deny.

26. Deny.

27. Deny.

## SECOND CAUSE OF ACTION – STATE LAW BATTERY

28. Deny.

29. Deny.

30. Deny.

## AFFIRMATIVE DEFENSES

1. Defendant Mize denies every statement, allegation, and averment contained in Plaintiff's complaint that is not specifically admitted to be true.

2. Plaintiff failed to state a claim upon which relief may be granted.

3. Plaintiff failed to mitigate damages, if any.

4. Plaintiff's injuries, if any, are the direct and proximate result of his own actions.

5. Plaintiff assumed the risk of all his alleged injuries and damages.

6. The provisions of Chapter 2744 of the Ohio Revised Code bar some or all of Plaintiff's claims.

7. Defendant Mize is entitled to qualified immunity.

8. Defendant Mize acted within the scope of his employment as a Hamilton County Corrections Officer.

9. Defendant Mize acted in good faith and without malice.

10. Defendant Mize hereby gives notice that he intends to rely upon and utilize any affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and hereby reserve the right to amend his answer to assert such defenses.

11. Defendant reserves the right to raise any other defenses as shall become manifest during or upon completion of discovery and hereby reserve the right to amend the answer to assert such defenses.

## **CROSSCLAIMS AGAINST HAMILTON COUNTY COUNTY SHERIFF'S OFFICE AND SHERIFF JIM NEIL**

For his crossclaims against the Hamilton County Sheriff's Office and Sheriff Jim Neil, Defendant Jason Mize states:

1. Hamilton County Sheriff's Office (HCSO) is a governmental body that acts on behalf of the political subdivision of Hamilton County and was duly created and authorized under the laws of Ohio.

2. Defendant Jim Neil is the duly qualified, elected and acting Sheriff of Hamilton County, Ohio, with law enforcement policy-making authority for Hamilton County, Ohio.

3. At all relevant times, the HCSO and Sheriff Neil were responsible for the operation of the Hamilton County Justice Center.

4. Sheriff Neil is the elected Sheriff of Hamilton County and at all relevant times was responsible for training, supervising and instructing correction officers employed at the Hamilton County Justice Center ("Justice Center").

5. On August 20, 2016, Plaintiff Mark Myers was arrested and brought to the Justice Center.

6. On August 20, 2016, Defendant Mize, as part of his job responsibilities as a Hamilton County Correction Officer, was required to maintain order in the intake area of the Justice Center.

7. When Plaintiff Myers became loud and disruptive, Defendant Mize escorted him to the holding cell that is specifically used to isolate disruptive inmates.

8. Plaintiff Myers struggled with Defendant Mize.

9. Defendant Mize was acting in good faith when he attempted to gain control over Plaintiff Myers and Mize had a duty to control Plaintiff.

10. Defendant Mize's actions were consistent with policies, procedures, and standards maintained by the Hamilton County Defendants.

11. Defendant Mize was acting in the interest of the Hamilton County defendants to maintain order in the Justice Center.

12. Plaintiff has sued Defendants alleging injuries and damages as a result of his incarceration at the Justice.

13. The Hamilton County defendants advised Defendant Mize in a letter dated June 2, 2017 that the HCSO was not going to provide legal representation or indemnification as required by Ohio Revised Code Chapter 2744.

## JURISDICTION

14. These crossclaims are directly related to the claims in this lawsuit that the crossclaims form part of the same case or controversy under Article III of the United States Constitution.

15. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over these crossclaims.

## COUNT I
## DECLARATORY JUDGMENT (DUTY TO DEFEND)

16. Defendant Mize incorporates by reference allegations in Paragraphs 1 through 15.

17. Under Ohio Revised Code § 2744.07, the Hamilton County Defendants are required to provide for Defendant Mize's defense in this lawsuit.

18. The Hamilton County Defendants have refused to provide for Mize's defense.

19. A justiciable controversy exists between Mize and the Hamilton County Defendants regarding the duty to defend Mize in this lawsuit.

20. Declaratory relief will settle the controversy over the Hamilton County Defendants; duty to defend Mize in this lawsuit.

21. Mize requests this Court issue a declaratory judgment in his favor holding that the Hamilton County Defendants are required to provide for his defense in this lawsuit.

## COUNT II
## DECLARATORY JUDGMENT (DUTY TO INDEMNIFY)

22. Defendant Mize incorporates by reference allegations in Paragraphs 1 through 21.

23. Under Ohio Revised Code § 2744.07, the Hamilton County Defendants are required to indemnify Defendant Mize's for any judgment that is obtained by Plaintiff in this lawsuit.

24. The Hamilton County Defendants have refused to indemnify Mize.

25. A justiciable controversy exists between Mize and the Hamilton County Defendants regarding the duty to indemnify Mize in this lawsuit.

26. Declaratory relief will settle the controversy over the Hamilton County Defendants duty to indemnify Mize in this lawsuit.

27. Mize requests this Court issue a declaratory judgment in his favor holding that the Hamilton County Defendants are required to indemnify Mize for any compensatory judgment, including attorney fees, that is obtained against him in this lawsuit.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Defendant Jason Mize requests the Court enter judgement in his favor and against the Hamilton County Defendants as follows:

A. Finding that the Hamilton County Defendants must provide for his defense in these proceedings;

B. Finding that the Hamilton County Defendants must indemnify him for any compensatory damages and/or attorney fees that he is required to pay Plaintiff Mark Myers;

C. Awarding costs incurred in this action, including reasonable attorney fees, prejudgment interest; and

D. Any other relief this Court deems appropriate.

                Respectfully submitted,


                */s/ Kimberly A. Rutowski*
                Kimberly A. Rutowski  0076653
                Trial Attorney for Defendant Jason Mize
                Hardin, Lazarus & Lewis, LLC
                30 Garfield Place, Suite 915
                Cincinnati, Ohio 45202-4322
                (513) 721-7300 (Phone)
                (513) 721-7008 (Fax)
                krutowski@hllmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer and Crossclaim was filed electronically on the 16th day of August 2017.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Kimberly A. Rutowski*
                                            Kimberly A. Rutowski (0076653)